IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DAVID MICHAEL FOLEY                                              PETITIONER

vs.                    Civil Case No. 2:08CV00173 HLJ

T. C. OUTLAW, Warden,
FCI, Forrest City, Arkansas                                      RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

    1.  Why the record made before the Magistrate Judge is inadequate.

    2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

### DISPOSITION

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 by David Michael Foley, an inmate of the Federal Correctional Institution in Forrest City, Arkansas. Petitioner is currently serving a 41 month sentence for armed bank robbery pursuant to his guilty plea in the United States District Court for the District of South Carolina on March 15, 2007. He seeks credit on his sentence for time spent in custody from January

30, 2007, to June 2, 2007, on the ground that he was held under federal bond the entire time period.

The record indicates Petitioner was arrested by state authorities on a state bank robbery charge in South Carolina on January 30, 2007, and he was served with seven fraudulent check state warrants. He was placed under a $125,000.00 state court bond. On February 2, 2007, he was taken by federal authorities to answer in South Carolina Federal District Court a related federal bank robbery charge, and he was placed under a $500,000.00 federal bond. That same date, he was returned to South Carolina state custody and federal authorities placed a detainer on him.

On February 27, 2007, he was sentenced to 120 days imprisonment on four of the state fraudulent check charges. The state bank robbery charge was dismissed and Petitioner began serving his state sentence on March 5, 2007. He finished serving this sentence on April 17, 2007. He remained in custody, and he received a 60-day sentence on two of the state fraudulent check charges, and a 30-day sentence on the remaining fraudulent check charge. Petitioner finished serving these sentences on June 3, 2007.

He was sentenced in federal court on June 20, 2007. He contends he is entitled to credit under 18 U.S.C. § 3585 on his federal sentence for the entire time he was in custody, from January 26, 2007, until the date of his federal sentencing, because

the federal detainer prevented his release on bond on the state charges and his state custody was in connection with, and the product of, his federal offense.

Under 18 U.S.C. § 3585(b), the Attorney General through the Bureau of Prisons (BOP), not the sentencing court, has the authority to award credit for time served in custody. <u>United States v. Wilson</u>, 503 U.S. 329, 333-36 (1992). That section provides that a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." The statute specifically prohibits receiving double credit for time spent in custody. cf. <u>United States v. Bradley</u>, 978 F.2d 1029, 1030-31 (8th Cir. 1992) (vacating district court's orders denying defendants credit for time served in state custody because BOP had authority to make determination and had concluded credit was deserved).

Petitioner contends in his reply (DE # 8) that the state bank robbery "charges were not dropped until May of 2007" and he argues that the time he spent in state custody was not credited to these charges. He does not dispute, however, that the 124 days spent in state custody from January 30, 2007, until June 2, 2007, were credited to his 120-day, 60-day and 30-day sentences on the seven state fraudulent check charges. He was given credit on his federal sentence for the period of time from June 3, 2007, to June 19,

4

2007, the day prior to his federal sentencing.[1]  It would violate § 3585(b) for the Attorney General through the BOP to credit the 124 days to Petitioner's federal sentence after he received credit for them on his state sentences.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 5th day of June, 2009.

*Henry L. Jones, Jr.*
United States Magistrate Judge

---

[1] Respondent did not submit documents in support of this claim, and instead relied on the summary of Petitioner's records given in response to his administrative grievances.  Because Petitioner does not dispute that he received credit on his state fraudulent check sentences, and in fact submitted with his petition a document entitled Memorandum For J&C File from Alice Stuard, Legal Instruments Examiner, which appears to be a summary of Petitioner's record and which states he did in fact receive this credit, the court will accept this as an undisputed fact.

5